UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MATTHEW DAVID JAMES,

    Defendant.

Case No. CR04-524RSL

ORDER DENYING DEFENDANT'S MOTION FOR EARLY RELEASE FROM SUPERVISION

## I. INTRODUCTION

This matter comes before the Court on defendant's motion for termination of supervised release (Dkt. #89). For the reasons set forth below, the Court denies the motion.

## II. BACKGROUND

In December 2004, Matthew James was indicted in this district for marijuana trafficking. When agents initially attempted to arrest him, he evaded arrest and absconded to Mexico. Mr. James was arrested in Mexico in September 2009 and awaited extradition in Mexican custody for eleven months. Dkt #79 at 6-8. He pleaded guilty to violating 18 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 in January 2011. Dkt. #74.

In April 2011, defendant was sentenced by this Court to 84 months' confinement, with

ORDER DENYING DEFENDANT'S
MOTION FOR EARLY RELEASE
FROM SUPERVISION- 1

credit for time served awaiting extradition in Mexico, and five years of supervised release.[1]  Dkt. #82.  The defendant commenced his period of supervised release in October 2014.  In January 2017, after completing approximately 27 months of supervision out of the 60 months originally imposed, the defendant moved for early termination of his supervised release.  His motion and its attachments represent that he is gainfully employed, committed to his family, and in full compliance with the terms of his supervised release.  The government, with the support of probation, opposed the motion (Dkt. #90), citing defendant's extensive criminal history, including three federal felony convictions, and defendant's record of noncompliance, including the commission of new crimes, during previous periods of supervised release.

## III. ANALYSIS

While the Court may revoke any period of supervised release after one year if "warranted by the defendant's conduct and in the interest of justice," 18 U.S.C. § 3583(e)(1), the disparity between the proffered termination and the actual judgment gives pause to granting the motion. Further, given the defendant's extensive prior criminal history–some of which occurred while he was on supervised release for one of his prior federal drug offenses–and his flight from apprehension, it is simply too soon to consider early termination of his five-year term of supervised release.  The Court is encouraged by defendant's progress and commends him for complying with the terms of his supervision and making meaningful contributions to his community.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion (Dkt. #89) is DENIED without prejudice to renewing the motion after defendant completes three years of full compliance with the terms of supervised release in October 2017.

---

[1] Under the Sentencing Guidelines, defendant scored a criminal history category of VI as a Career Offender with a total offense level of 31.  His guidelines range was 188-235 months' confinement with a statutory minimum of 48 months of supervised release.

ORDER DENYING DEFENDANT'S
MOTION FOR EARLY RELEASE
FROM SUPERVISION- 2

Dated this 17th day of February, 2017.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR EARLY RELEASE
FROM SUPERVISION- 3